THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS ENRIQUE GONZÁLEZ TORRES, Defendant and Appellant.

Nos. CR-66-4,     Decided June 29, 1967.
CR-66-5,
CR-66-6.

*Julio Fernández Cabrera* for appellant. *J. B. Fernández Badillo,
    Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was accused of murder in the first degree for having killed by shooting with a revolver a human being, Guillermo Santos Valero, and of two violations of the Weapons Law, §§ 8 and 6.

The trial of the three cases was held jointly on January 15 and 16, 1964. The jury rendered two verdicts of guilty of murder in the second degree and of violation of § 8 of the Weapons Law. The court found him guilty of violation of § 6 of said Weapons Law.

The evidence for the prosecution established that about 10:15 p.m. of July 9, 1963, Guillermo Santos Valero was in the house of José Estremera talking with the latter and his wife. Santos Valero was standing on the sidewalk in front of the door of the house when defendant arrived and said, "Valero, do you want to settle accounts with me?" Valero looked at defendant and took two or three steps and defendant fired four shots with a revolver. Witness Estremera testified that Valero did not make any move toward defendant and that he had no weapons. Estremera and other neighbors took Valero to the hospital. Miguel Ángel González testified that he heard the shots and when he came to the corner he saw defendant and asked him what had happened, and he answered, "That I killed someone right now."

Sergeant Luis Antonio Seda Medina testified that he saw defendant on July 9 at police headquarters; that when he came to surrender himself defendant told him that he had killed someone. Upon questioning by the sergeant de-

fendant told the latter that he had killed a certain Santos Valero with a revolver and that he had killed him because he had offended him morally.

The theory for the defense was that the victim, who had previously threatened defendant, on the night and at the scene of the crime, pulled out a knife while walking towards defendant, for which reason he acted in self-defense.

On appeal defendant maintains that the trial court erred: (1) in admitting in evidence the confession and admissions made by defendant to sergeant Luis Antonio Seda Medina, while said defendant was under legal custody and his testimony being inadmissible because the legal warnings were not made to him and because he was not assisted by counsel, and (2) in failing to transmit to the jury the instructions in relation to defendant's confession and admissions.

■ These errors were not committed. Appellant, after the occurrence of the facts, went voluntarily to the police station to surrender himself and spontaneously stated to sergeant Luis Antonio Seda Medina that he had killed a man. The details of the event given to the sergeant were likewise spontaneous statements. The fact that the legal warnings were not made in this case did not prejudice defendant's substantial rights, particularly in view of the fact that defendant did not object to the admission of said statements and furthermore he admitted in his testimony at the trial that he had made them. *Cf. People* v. *Laguna Rodríguez,* 92 P.R.R. 811 (1965).

■ On the other hand, the trial having been held on January 15 and 16, 1964, the rules established in the cases of *Escobedo* v. *Illinois,* 378 U.S. 478, *Rivera Escuté* v. *Delgado, Warden,* 92 P.R.R. 746, decided October 26, 1965 and *Miranda* v. *Arizona,* 384 U.S. 436, decided by the Supreme Court of the United States on June 13, 1966, were not available to defendant. *People* v. *Adorno Lorenzana,* 93 P.R.R. 768, decided December 15, 1966.

: ▮ The judge's failure to transmit instructions to the jury in relation to defendant's confession and admissions does not entail the reversal of the judgments if it is considered (1) that defendant did not object to the admission in evidence of the confession and admissions, and did not raise any question whatsoever as to its voluntariness, (2) more than once and at the end of the instructions the judge asked the defendant whether he wanted any instructions to be transmitted to the jury, and the latter answered negatively, (3) defendant did not object to the instructions, and (4) defendant admitted on the witness stand that he had made the confession and admissions.

▮ . Therefore, the omission of the instructions which he now assigns for the first time did not impair in any manner the substantial rights of defendant, since, actually, in view of the circumstances adduced, no controversy whatsoever arose as to the voluntariness of the confession and admissions. See *People* v. *Del Valle*, 91 P.R.R. 167 (1964).

The judgments appealed from will be affirmed.

Mr. Justice Belaval and Mr. Justice Santana Becerra concur in the result, the same as the Chief Justice.